Filed 11/10/22  P. v. Bloxton CA2/2
Opinion following transfer from Supreme Court
### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B307556 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA018339) |
| v. | |
| DANTE LAVELL BLOXTON, | **OPINION ON REMAND** |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gary J. Ferrari.  Reversed and remanded.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt Bloomfield and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Dante Lavell Bloxton (defendant) appeals the trial court's denial of his petition for relief under Penal Code[1] section 1172.6 (former section 1170.95).[2]

We previously affirmed the court's order in an unpublished opinion, *People v. Bloxton* (July 29, 2021, B307556), concluding the record established defendant was ineligible for resentencing as a matter of law based on the true finding on the special circumstance allegation by the jury at trial. Upon review, the California Supreme Court transferred this case back to us to reconsider in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). We now reverse the court's order and remand the matter for the court to conduct an evidentiary hearing under section 1172.6.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

For the sake of simplicity, we will refer to the section by its new numbering only.

**FACTS AND PROCEDURAL BACKGROUND**

I.    **Facts[3]**

    A.    *The underlying crimes*

On a Sunday night in August 1993, defendant, Efren Bullard (Bullard) and others approached two men who were using a gas station pay phone in Long Beach, California. Defendant and Bullard had firearms. With guns drawn, defendant and his companions demanded that the men hand over their valuables. Defendant and his group soon realized that the two men had driven separate cars—namely, a Bronco and a Camaro. From the Bronco, the group pulled out one man's wife by her hair and demanded her jewelry and money; they then proceeded to ransack the Bronco. After a third man got out of the Camaro, defendant and his group lined up all four victims by the Bronco and demanded that they turn out their pockets. One member of the group commented that he was "going to kill all of the victims because they were Mexican." When the robbers went to ransack the Camaro, they discovered David Hoppes (Hoppes) inside the car. Defendant and Bullard pulled Hoppes from the Camaro and started to beat him and to go through his pockets. When Bullard announced his intention to kill Hoppes because Hoppes "was White," defendant responded, "I don't care." Moments later, Bullard shot Hoppes in the leg and, after Hoppes collapsed and started to crawl away, defendant and Bullard walked up to him in tandem. While standing over Hoppes, Bullard shot him repeatedly. The multiple gunshot wounds were fatal. The robbers then ran off.

---

**3**    We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction. (*People v. Bloxton* (July 23, 1998, B113892).)

### B. *Prosecution, conviction and appeal*

The People charged defendant with (1) the murder of Hoppes (§ 187, subd. (a)), and (2) five counts of second degree robbery (§ 211). As to the murder, the People alleged a special circumstance—namely, that it was committed in the course of a robbery (§ 190.2, subd. (a)(17)(A)), which could be found true only if defendant was a major participant in the robbery and acted with reckless indifference to human life. The People further alleged that defendant and Bullard "personally use[d] a firearm" (§ 12022.5, subd. (a)), and that a principal was "armed with a firearm" (§ 12022, subd. (a)(1)).

A jury convicted defendant of murder and four counts of second degree robbery, and found true all of the allegations.

The trial court sentenced defendant to prison for life without the possibility of parole (LWOP) plus 15 years. Specifically, the court sentenced defendant to LWOP plus five years (for the firearm enhancement) on the murder count, and a consecutive 10 years for one of the second degree robbery counts (comprised of base sentence of five years plus five years for the firearm enhancement). The court stayed or concurrently ran the remaining sentences.

Defendant appealed his conviction and we affirmed in an unpublished opinion.

## II. Procedural Background

On December 24, 2018, defendant filed a petition seeking resentencing for the murder conviction under section 1172.6.[4]

---

[4]     The petition for section 1172.6 relief was included within a petition for a writ of habeas corpus that sought to vacate his murder conviction under *People v. Chiu* (2014) 59 Cal.4th 155. Defendant filed a second petition for a writ of habeas corpus on

The court appointed counsel for defendant, and ordered the parties to submit further briefing. Following a hearing, the trial court "summarily denied" defendant's petition. The court found that defendant had not "establish[ed] a prima facie case for relief" under section 1172.6 because one of the elements of that prima facie case—namely, that defendant could not be convicted of first degree murder under the amended murder statute—was foreclosed by "the jury['s finding] beyond a reasonable doubt [that defendant] was a major participant in the underlying felony [who] acted with reckless indifference to human life."

As noted above, we affirmed, but our Supreme Court vacated our prior opinion and has remanded the matter for us to reconsider in light of *Strong*.

## DISCUSSION

Defendant argues that the trial court erred in summarily denying his section 1172.6 petition on the ground that the jury's prior special circumstance finding rendered him ineligible for relief under section 1172.6. Because this argument turns on questions of statutory construction and the application of law to undisputed facts, our review is de novo. (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

Section 1172.6 authorizes a defendant "convicted of felony murder or murder under the natural and probable consequences doctrine" to vacate his murder conviction if, as a threshold matter, he makes a "prima facie showing" of entitlement to relief.

---

January 28, 2020, seeking a hearing to preserve evidence for a future juvenile offender parole hearing under *People v. Franklin* (2016) 63 Cal.4th 261. Neither petition was before us in that appeal.

5

(§ 1172.6, subds. (a) & (c).)  This, in turn, requires a showing that, among other things, he "could not presently be convicted of murder" under the amendments to the murder statutes that became effective on January 1, 2019.  (*Id.*, subd. (a)(3).)  These statutes, even as amended, still authorize a murder conviction based on murder committed by someone else in the course of a jointly committed felony as long as the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life."  (§ 189, subd. (e)(3).)

In *Strong*, *supra*, 13 Cal.5th 698, our Supreme Court confronted the same basic facts present in this case.  There, as here, the defendant's jury found true the special circumstance that he was a "major participant" who acted with "reckless indifference" to human life.  There, as here, the jury's finding was made prior to the issuance of *Banks*, *supra*, 61 Cal.4th 788 (*Banks*) and *Clark*, *supra*, 63 Cal.4th 522 (*Clark*).  There, as here, the defendant was seeking relief under section 1172.6 and the trial court had summarily denied him that relief on the ground that jury's pre-*Banks* and pre-*Clark* finding was binding.  *Strong* held that this was wrong.  *Strong* reasoned that *Banks* and *Clark* "substantially clarified"—and narrowed—the meaning of the terms "major participant" and "reckless indifference."  (*Strong*, at p. 721.)  As a result, *Strong* concluded, "[f]indings issued by a jury before *Banks* and *Clark*" are not preclusive and, more to the point "do not preclude a defendant from making out a prima facie case for relief."  (*Id.* at pp. 710, 716-717.)  *Strong* went on to hold that it was inappropriate for any court—trial or appellate—to evaluate whether substantial evidence supports the jury's pre-*Banks* and pre-*Clark* finding if that evidence is viewed through the narrowed *Banks* and *Clark* prisms.  (*Id.* at pp. 719-720.)  In

6

sum, *Strong* held that a pre-*Banks* and pre-*Clark* special circumstance finding does not warrant summary denial of a section 1172.6 petition; instead, the matter must proceed to an evidentiary hearing. (*Id.* at p. 720.)

Strong disposes of this appeal. Defendant's special circumstance finding was made prior to *Banks* and *Clark*, and thus cannot provide the basis for the summary denial of his petition. He is entitled to an evidentiary hearing. Because we have concluded that he has not received such a hearing, we remand for one.

## DISPOSITION

The court's order denying defendant's petition for resentencing is reversed, and the matter is remanded for an evidentiary hearing under section 1172.6.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST


7